# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CANDY STEWART,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>COUNTY OF SAN DIEGO,<br>CHARLES MONTGOMERY,<br><br>　　　　　Defendants. | CASE NO. 13cv3131-GPC(RBB)<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS;***<br><br>**(2) DISMISSING SUA SPONTE FOR FAILURE TO STATE A CLAIM.**<br><br>[Dkt. No. 2] |

On December 20, 2013, Plaintiff Candy Stewart, proceeding *pro se*, commenced this action[1] against Defendants County of San Diego and Charles Montgomery (collectively, "Defendants"). Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a). (Dkt. No. 2.) For the following reasons, the Court GRANTS Plaintiff's motion to proceed IFP, but *sua sponte* DISMISSES the suit for lack of jurisdiction.

## DISCUSSION

### I. Motion to Proceed IFP

Plaintiff moves to proceed IFP under 28 U.S.C. § 1915(a). Section 1915(a) allows a court to authorize a lawsuit's commencement without payment of the filing

---

[1] Plaintiff does not present the Court with a formal complaint but commences this action in the form of a letter to the Court Clerk. The Court liberally construes the letter as a complaint. See Casavantes v. California State University, 732 F.2d 1441, 1442 (9th Cir. 1984).

fee if the plaintiff submits an affidavit demonstrating his or her inability to pay the filing fee. 28 U.S.C. § 1915(a). Such affidavit must include a complete statement of the plaintiff's assets. Id. However, an IFP action is subject to dismissal if the court determines that the complaint is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to § 1915(e)(2). Franklin v. Murphy, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

Here, Plaintiff has submitted an affidavit and application in support of Plaintiff's IFP motion indicating Plaintiff is unemployed, receives veterans benefits of $80.00 per month, has no checking or savings accounts, and owns no vehicle, real property, or other assets. Plaintiff states that her last employment ended in January 2011. Based on these facts, the Court finds that Plaintiff meets the section 1915(a) requirements and GRANTS Plaintiff's motion to proceed IFP.

**II. *Sua Sponte* Dismissal pursuant to 28 U.S.C. § 1915(e)(2)**

Notwithstanding IFP status, the Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening and order the *sua sponte* dismissal of any case it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an IFP complaint that fails to state a claim).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000);

Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren, 152 F.3d at 1194. Where a plaintiff appears in propria persona in a civil rights case, the Court must construe the pleadings liberally and afford plaintiff any benefit of the doubt. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988); Bretz v. Kelman, 773 F.2d 1026, 1027, n.1 (9th Cir. 1985) (en banc). In giving liberal interpretation to a pro se civil rights complaint, the Court may not, however, supply essential elements of a claim that were not initially pled. "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). Nevertheless, the Court must give a pro se litigant leave to amend his complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir. 1987). Thus, before a pro se civil rights complaint may be dismissed, the court must provide the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi, 893 F.2d at 623-24.

Here, Plaintiff alleges "civil rights violations, slander, libel and emotional distress" when Defendant Charles Montgomery went to her child's school to question her child without Plaintiff's permission. (Dkt. No. 1 at 1.) Plaintiff further alleges that Defendant Montgomery followed Plaintiff home, leaving business cards at her door. (Id.) First, it is not clear which civil rights Plaintiff alleges were violated. Furthermore, Plaintiff fails to plead the facts necessary to state a claim for civil rights violations, slander, libel, or emotional distress. For example, under California law, intentional infliction of emotional distress requires a showing of: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the

1  plaintiff's suffering severe or extreme emotional distress; and (3) actual and
2  proximate causation of the emotional distress by the defendant's outrageous
3  conduct." <u>Christensen v. Superior Court</u>, 54 Cal.3d 868 (1991). Plaintiff's
4  Complaint fails to allege any facts to show that Defendants' conduct caused
5  Plaintiff emotional distress.

6      In addition, Federal courts are courts of limited jurisdiction. Unlike state
7  courts, they have no 'inherent' or 'general' subject matter jurisdiction. They can
8  adjudicate only those cases which the Constitution and Congress authorize them to
9  adjudicate, i.e. those involving diversity of citizenship, a federal question, or to
10  which the United States is a party.  <u>See</u> <u>Finley v. United States</u>, 490 U.S. 545
11  (1989).  Federal courts are presumptively without jurisdiction over civil actions and
12  the burden of establishing the contrary rests upon the party asserting jurisdiction.
13  <u>See Kokkonen v. Guardian Life Ins. Co</u>., 511 U.S. 375 (1994). Plaintiff fails to state
14  a basis for federal court jurisdiction over her case.

### CONCLUSION AND ORDER

16      For the reasons set forth above, the Court DENIES Plaintiff's motion to
17  proceed IFP and sua sponte DISMISSES without prejudice the Complaint for failure
18  to state a claim. The Court GRANTS Plaintiff 45 days from the date this Order is
19  stamped "Filed" to file an amended complaint that addresses the deficiencies of
20  pleading set forth above. Plaintiff's amended complaint must be complete in itself
21  without reference to the superseded pleading in accordance with Southern District
22  of California Local Civil Rule 15.1. Defendants not named and all claims not re-
23  alleged in the amended complaint will be deemed to have been waived. <u>See</u> <u>King v.</u>
24  <u>Atiyeh</u>, 814 F.2d 565, 567 (9th Cir. 1987).

25  **IT IS SO ORDERED.**

26  DATED:  January 22, 2014

HON. GONZALO P. CURIEL
United States District Judge